FRANK NOVARA, Plaintiff, v. COUNTY OF WYOMING, Defendant.

Supreme Court, Wyoming County, October 17, 1932.

*Crane & Stedman*, for the plaintiff.

*Henry R. Bristol*, for the defendant.

*Lynn S. Bentley*, district attorney.

ACKERMAN, J. This is an action to recover the amount of a fine paid by plaintiff after conviction in the Wyoming County Court. Plaintiff contends that the court acted without jurisdiction. Issue was joined, a jury was waived and the facts have been stipulated.

Plaintiff is a resident of the village of Warsaw, Wyoming county. The village of Warsaw has a police justice. In December, 1930, the plaintiff was arrested upon a charge of maintaining a public

nuisance in violation of section 1530 of the Penal Law which was alleged to have been committed within the village of Warsaw. He was arraigned before the police justice, waived examination, admitted to bail and held to await the action of the grand jury. He was indicted by the next grand jury and the indictment was transferred to the Wyoming County Court in which the plaintiff appeared in person and by counsel, pleaded not guilty and was admitted to bail. At the next term of the Wyoming County Court the indictment was tried, a verdict of guilty rendered and the plaintiff was sentenced to serve four months in the Monroe County Penitentiary and to pay a fine of $350, and to stand committed to said penitentiary until the fine was paid, not exceeding one day for each two dollars of the fine. The plaintiff was immediately taken into custody and committed to the penitentiary where he served his sentence and finally paid $300, the balance of his fine, whereupon he was released.

The same counsel appeared for the plaintiff throughout the criminal prosecution and in this action; appropriate motions were made and denied in the criminal case for a dismissal of the indictment, for a new trial and in arrest of judgment upon the ground that the County Court did not have jurisdiction of the person or offense, and that the Police Court of the village of Warsaw had exclusive jurisdiction under section 182 of the Village Law. Plaintiff made no application for a certificate of reasonable doubt and no appeal was taken from his conviction or sentence.

If the plaintiff is to succeed in the present action, it must be on the theory that a mistake has been made. It is not claimed that there has been any mistake as to the facts involved. The only mistake, therefore, was one of law which came about in this way: At the time of the trial and conviction of plaintiff, the Appellate Division, Third Department, had held that, under section 182 of the Village Law, police justices had exclusive jurisdiction of nuisance cases arising under section 1530 of the Penal Law; while at the same time, the Fourth Department had held on at least two occasions that County Courts had jurisdiction. At that time the Court of Appeals had not passed upon the question, but after plaintiff had served his time and had paid his fine, the Court of Appeals did decide in another case that Police Courts had exclusive jurisdiction of such offenses. At the time plaintiff paid his fine he apparently assumed that the decisions of the Fourth Department had correctly interpreted the law governing jurisdiction, for

he had taken no legal steps to resist payment. Payment in such circumstances will be deemed voluntary.

Although the facts involved in this action differ somewhat from those in any of the recorded decisions, they, nevertheless, warrant the application of the well-established rule that money paid under a mistake of law cannot be recovered where there has been no mistake of fact. Every argument that has been advanced in support of the rule itself will uphold its application here. An appeal was available to plaintiff, but having failed to make use of it in his own case, he cannot now base a claim for the recovery of the fine upon a subsequent decision of the Court of Appeals in another case.

The refusal to permit recovery in such actions as this is not unfair to defendants in criminal actions, for an appeal can always be taken from an illegal conviction; but the adoption of a contrary rule would be unfair to the People, because of the lack of finality in the administration of the criminal law which such a rule would cause.

Judgment for defendant. Let findings be prepared.